12 Civ. 98 (WFK) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NICOLE PHILLIPS, individually and on behalf of B.P. and S.P., minors, FABIAN MENDOZA-VACA, individually and on behalf of MM and VM, minors, DINA CHECK, on behalf of Minor MC,

Plaintiffs,

-against-

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,

Defendants.

**NEW YORK CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of*
*The City of New York*
*Attorney for New York City Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Chlarens Orsland*
*Tel: (212) 356-2086*
*corsland@law.nyc.gov*
*Law Manager No. 2013-005490*

*SERVED ON FEBRUARY 7, 2014*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................. iii

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT

      POINT I

            PLAINTIFFS CANNOT CITE CASE LAW
            CONTRARY TO CITY DEFENDANTS' CORE
            ASSERTION THAT THE AMENDED COMPLAINT
            MUST BE DISMISSED, AS STATE LAW REQUIRES
            CHILDREN TO BE IMMUNIZED AGAINST
            COMMUNICABLE DISEASES, WHICH IS A VALID
            EXERCISE OF STATE POLICE POWERS ....................................................... 2

                  The Check "As Applied' Challenge to the DOE's
                  Determination ................................................................................ 4

                  The Phillips and Mendozo-Vaca Challenge to the
                  Chancellor's Regulation ................................................................ 5

      POINT II

            PLAINTIFFS' REMAINING CON- STITUTIONAL
            CLAIMS ARE ALSO MERITLESS AND MUST BE
            DISMISSED. ................................................................................................. 7

          A.   Plaintiffs have not alleged a violation of their
               substantive due process rights under the Fourteenth
               Amendment.................................................................................... 7

          B.   Plaintiffs' have not alleged a violation of their equal
               protection rights under the Fourteenth Amendment. ................................. 8

          C.   Plaintiffs' Ninth Amendment claims fail because
               the Ninth Amendment does not provide for
               substantive rights and is inapplicable to non-federal
               actors................................................................................................ 9

**Page**

POINT III

          THE STATE CLAIMS SHOULD BE DISMISSED
          IN THE ABSENCE OF ANY VIABLE FEDERAL
          CLAIMS AND PLAINTIFFS FILED NO
          OPPOSITION TO THE MOTION TO DISMISS......................................9

CONCLUSION.........................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                        **Pages**

Abreu v. City of New York,
    657 F. Supp. 2d 357 (E.D.N.Y. 2009) ..............................................................4

Albany Bldrs. v. Guilderland,
    74 N.Y.2d 372, 547 N.Y.S.2d 627 (1989)......................................................6

Alfaro Motors, Inc. v. Ward,
    814 F.2d 883 (2d Cir. 1987) ..........................................................................4

Bizzaro v. Miranda,
    394 F.3d. 82 (2d Cir. 2005) ...........................................................................8

Caviezel v. Great Neck Public Schools,
    701 F. Supp.2d 414 (E.D.N.Y. 2010) .............................................................2

Caviezel v. Great Neck Public Schools,
    2012 U.S. App. LEXIS 21109 (2d Cir., October 11, 2012.........................2-3

Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,
    508 U.S. 520 (1993) .......................................................................................3

Claudio v. Sawyer,
    675 F. Supp.2d 403 (S.D.N.Y. 2009) .............................................................4

County of Sacramento v. Lewis,
    523 U.S. 833 (1998) .......................................................................................7

Greenholtz v. Inmates of the Neb. Penal and Correctional Complex,
    442 U.S. 1 (1970) ...........................................................................................8

Harlen Assocs. v. Inc. Vill. of Mineola,
    273 F.3d 494 (2d Cir. 2001) ..........................................................................8

Hewitt v. Helms,
    459 U.S. 460 (1983) .......................................................................................8

Jacobson v. Massachusetts,
    197 U.S. 11, 26 (1905) ..........................................................................2, 3, 9

Kamhi v. Town of Yorktown,
    74 N.Y.2d 423 N.Y.S.2d 144 (1989)..............................................................6

Monell v. New York City Dept. of Soc. Services,
    436 U.S. 658 (1978) .......................................................................................4

**Cases**                                                                                    **Pages**

National Fuel Gas Dist. Corp. v. TGX Corp.,
    950 F.2d 829 (2d Cir. 1999) ...........................................................................7

Palmieri v. Town of Babylon,
    2008 U.S. Dist. LEXIS 59550 (E.D.N.Y. Aug. 1, 2008) ...........................................9

Riggins v. Nevada,
    504 U.S. 127 (1992) ...........................................................................8

Rini v. Zwirn,
    886 F. Supp. 270 (E.D.N.Y 1995) ...........................................................................9

Schmerber v. State of California,
    384 U.S. 757 (1966) ...........................................................................8

Sherr v. Northport-East, Northport Union Free School Dist.,
    672 F. Supp. 81 (E.D.N.Y. 1987) ...........................................................................2

Velez v. Levy,
    401 F.3d 75 (2d Cir. 2005) ...........................................................................7

Washington v. Harper,
    494 U.S. 210 (1990) ...........................................................................8

Wisconsin v. Yoder,
    406 U.S. 205 (1972) ...........................................................................2

**Statutes**

42 U.S.C. § 1983 ...........................................................................1, 2, 4

10 NYCRR § 66-1.10(a) ...........................................................................5

10 NYCRR § 66-1.10(b) ...........................................................................5

NYC Charter § 556(a) ...........................................................................5

NYC Charter § 556(c)(2) ...........................................................................5

NYC Health Code Articles 3, 11. ...........................................................................5

Public Health La2164...........................................................................5

Public Health Law § 2164(7)...........................................................................2

**Other Authorities**                                                                                           **Pages**

Chancellor's Regulation A-701(III)(A)(4)(c) ................................................................................5

Webster's New World College Dictionary, 4th ed. (2001) ............................................................7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

NICOLE PHILLIPS, individually and on behalf of B.P.
and S.P., minors, FABIAN MENDOZA-VACA,
individually and on behalf of MM and VM, minors, DINA
CHECK, on behalf of Minor MC,                                        12-cv-98 (WFK) (LB)

                                                Plaintiffs,

                -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, et al.,

                                         Defendants.
-------------------------------------------------------------------- x

**CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**

## Preliminary Statement

       In these consolidated Section 1983 actions, Plaintiffs challenge the City of New York's policy of requiring school children to be vaccinated in accordance with state law, a requirement that has long been upheld by the United States Supreme Court.

       Defendants City of New York and the New York City Department of Education ("DOE") (collectively, "the City Defendants"), submit this Reply Memorandum of Law in further support of their motion to dismiss the amended complaint, or alternatively, for summary judgment. Plaintiffs' opposition brief ("Pl. Mem.") is a largely boiler-plate recitation of law that does not specifically address the City Defendants' contentions, especially as to the minimal pleading requirements of a federal claim. Accordingly, the actions must be dismissed.

## ARGUMENT

### POINT I

**PLAINTIFFS CANNOT CITE CASE LAW CONTRARY TO CITY DEFENDANTS' CORE ASSERTION THAT THE AMENDED COMPLAINT MUST BE DISMISSED, AS STATE LAW REQUIRES CHILDREN TO BE IMMUNIZED AGAINST COMMUNICABLE DISEASES, WHICH IS A VALID EXERCISE OF STATE POLICE POWERS**

Plaintiffs have commenced these Section 1983 actions seeking a judgment declaring the City's and State's vaccination policies to be unconstitutional. All Plaintiffs assert that Public Health Law § 2164(7) is unconstitutional, and that the United States Supreme Court case law that upheld mandatory vaccination as a valid exercise of state police power is out-of-date, and thus must be revisited and vacated.

**Facial Challenge to PHL § 2164(7)**

The facial challenge need not detain this Court long, as the Supreme Court has long held that the right of parents to raise their children in accord with their personal and religious beliefs generally must yield when the health of children is at risk, or when there is a recognized threat to public safety. Wisconsin v. Yoder, 406 U.S. 205, 220 (1972); Jacobson v. Massachusetts, 197 U.S. 11, 26 (1905). See also Caviezel v. Great Neck Public Schools, 701 F. Supp.2d 414, 428 (E.D.N.Y. 2010) ("Caviezel I"); Sherr v. Northport-East, Northport Union Free School Dist., 672 F. Supp. 81 (E.D.N.Y. 1987).

In their reply brief, Plaintiffs continue to assert that Jacobson is outdated because small-pox has been eradicated, and thus it is bad law. See Pl. Mem. at 9-10. However, in a case brought by Plaintiffs' own counsel, the Second Circuit explicitly rejected her argument that Jacobson was wrongly decided, holding that the binding nature of Jacobson as Supreme Court precedent is not altered by the mere fact that it was "decided over a century ago, or because the

disease there at issue -- smallpox -- has been effectively eradicated in this country." <u>Caviezel</u>, 2012 U.S. App. LEXIS 21109 (2d Cir. October 12, 2012), at *6-7. Thus, <u>Jacobson</u> remains good law and Plaintiffs have no good faith basis to continue asserting otherwise.

    Plaintiffs misunderstand the import of <u>Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,</u> 508 U.S. 520 (1993). In that case, the Court applied strict scrutiny to a law that affected a religious group disproportionately. That is not the case here, as the law applies to all children in the state. Moreover, the Supreme Court explicitly stated the standard of review as follows: "...[A] law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." <u>Id.</u> at 531. As noted above, the subject statute is clearly of neutral applicability, as it applies to all children in the state.[1]

    Accordingly, Plaintiffs' facial challenge must be rejected.

---

[1] Contrary to Plaintiffs' brief (p. 9), there is no "clear and present danger" standard in the <u>Lukumi Babalu Aye</u> case.

**The Check "As Applied' Challenge to the DOE's Determination**

        Plaintiff Check claims that her First Amendment right to practice her religion was violated in the context of the DOE's specific determination that she did not qualify for a religious exemption.  In her reply brief, Plaintiff Check simply asserts that because she has a religious objection to immunization, *any* denial of the exemption constitutes a violation of her First Amendment right.  See Pl. Mem. at 8-9 ("If Plaintiff indeed holds such religious beliefs, then a First Amendment violation has occurred…").  That statement is conclusory and evinces a misunderstanding of the pleading requirements attendant to a Section 1983 claim.  A viable complaint must set forth specific factual allegations indicating a deprivation of federal rights, as broad, simple, and conclusory statements are insufficient to state a claim under Section 1983.  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987); Claudio v. Sawyer, 675 F. Supp.2d 403, 407 (S.D.N.Y. 2009).

        Fatal to her claim is the fact that Plaintiff Check has sued the DOE, rather than an individual state actor.  Under Monell v. New York City Dept. of Soc. Services, 436 U.S. 658, 690-91 (1978), a local government may be liable under Section 1983 only based on an official policy or custom that caused the plaintiff to be subjected to the denial of a constitutional right.  A "rote recitation" of a claim of municipal liability, without "factual matter of any kind," is insufficient to state a claim.  See Abreu v. City of New York, 657 F. Supp.2d 357, 361 (E.D.N.Y. 2009).  In her reply brief, Plaintiff Check responds to the 'policy or custom' requirement by stating only that the individual DOE employee's "determination was ratified by Defendant City, making Defendant City a proper party."  See Pl. Mem. at 11.  Because this is tantamount to a *respondent superior* argument, which is not sufficient under Monell, the federal claim under 42 U.S.C. § 1983 must be dismissed.

## The Phillips and Mendozo-Vaca Challenge to the Chancellor's Regulation

The two other plaintiffs, Phillips and Mendoza-Vaca, argue that the *temporary* exclusion of their unvaccinated children pursuant to Chancellor's Regulation A-701(III)(A)(4)(c), when another student has been diagnosed with a vaccine-preventable disease, is illegal. However, as discussed in our main brief, the core federal claim cannot stand in light of Jacobson and its progeny  In the absence of a recognized constitutional right to be exempt from mandatory vaccination, a *temporary* removal can hardly violate the First Amendment. As the Regulation is also a policy of "neutral and general applicability," applying to all school children enrolled at a New York City school who are granted an immunization exemption, it does not target religious beliefs and so further satisfies First Amendment scrutiny.

As to the *non-federal claim* concerning the temporary exclusion, Plaintiffs argue that the Regulation is invalid because the text of the Public Health Law does not provide for a temporary exclusion. See Amend. Comp. ¶¶ 42-46, 57-65. However, if a full exclusion is lawful, so perforce is a temporary one.[2] Moreover. New York State Department of Health ("NYSDOH") regulations implementing Public Health Law § 2164 permit such an exclusion. See 10 NYCRR § 66-1.10(a) and (b). In addition, the DOHMH is a municipal agency specifically charged with the responsibility to protect the public health and to control communicable diseases and conditions. See NYC Charter §§ 556(a) and (c)(2); NYC Health Code Articles 3, 11. Thus, it is well within its own authority to temporarily exclude students under the circumstances described in the amended complaint – regardless of the implementing regulation.

---

[2] This analysis, of course, assumes this state claim is not referred back to the state court for resolution, see Deft. Mem. at Point III.

Plaintiffs' argument that the Chancellor's Regulation is preempted by the state statute (Amend. Comp. ¶¶ 42-44) is unavailing, since the latter does not evince a legislative desire to *exclusively* regulate the field of public health as it relates to communicable diseases among children. It has long been recognized by the legislature "that situations may arise where laws of State-wide application are appropriately tailored by municipalities to fit their own peculiarly local needs." Kamhi v. Town of Yorktown, 74 N.Y.2d 423, 430, 548 N.Y.S.2d 144 (1989). Thus, even if the subject Regulation was inconsistent with the PHL § 2164 – and it is not, as chickenpox is a disease requiring immunization under that statute – this Court can take judicial notice that the City School District contains over one million children in five boroughs, and the City of New York is entitled to provide additional protection to these children. Doing so is not contrary to the Public Health Law.

Plaintiffs primarily rely on Albany Bldrs. v. Guilderland, 74 N.Y.2d 372, 547 N.Y.S.2d 627 (1989), in which a local government had assessed an "impact fee" on developers to fund the town's road system. This was found to have preempted the State's general roadway laws regulating the funding of roadway improvements across the state. Such additional funding by a local government would alter the formula of collecting taxes and dispersing projects on a unified state-wide process, and thus "thwart the operation of the state's overriding policy concerns." Id. at 377 (internal quotation marks, citation omitted).

In this instance, the State seeks to ensure that children are immunized for certain diseases, including chickenpox (varicella). Thus, the challenged regulation is perfectly consistent with the statute and Plaintiffs can cite no authority establishing any purported State exclusivity in this instance.[3] By contrast, in the Albany Bldrs. case, the Court found

---

[3] Indeed, the NYS Department of Halth is amending its regulation to cover all vaccine-preventable illnesses, see Rosen Decl. ¶ 6, further indicating that the regulation is not inconsistent with the statute.

considerable evidence of exclusivity – i.e., several provisions of both the Town Law and Highway Law, including a provision that "explicitly limited" the amount a town can raise by taxation for highway purposes. Id. at 378.

Plaintiffs' additional assertion that the word "outbreak" in the subject Chancellor's Regulation does not apply to a single case of an illness is not supported by authority.  See Pl. Mem. at p. 17.  The ordinary definition of the word is a "sudden occurrence, as of disease or war," as opposed to "epidemic," defined as "prevalent and spreading rapidly among many individuals in a community at the same time." See Webster's New World College Dictionary, 4th ed. (2001).  In medical parlance, the word is not limited to an epidemic.  See Rosen Decl. ¶ 17.  Moreover, the word "outbreak" appears only in the title of the subsection, not in the substantive text, the latter of which "must take precedence over its title"  as a matter of statutory analysis.  See National Fuel Gas Dist. Corp. v. TGX Corp., 950 F.2d 829, 835 (2d Cir. 1999).

Therefore, Plaintiffs' assertion that the City of New York lacks authority under State law to temporarily exclude non-immunized children is wrong and must be rejected.

## POINT II

### PLAINTIFFS' REMAINING CON-STITUTIONAL CLAIMS ARE ALSO MERITLESS AND MUST BE DISMISSED.

A.    **Plaintiffs have not alleged a violation of their substantive due process rights under the Fourteenth Amendment**

Plaintiffs continue to insist that their circumstances implicate the right of substantive due process, in which they are required to allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n. 8 (1998)).

As noted in our main brief, a valid state statute is being applied by the local government to ensure public health.   There is nothing shocking or outrageous in requiring immunization of children.   The cases cited in Plaintiffs' opposition brief are inappropriate to a stunning degree, as they primarily concern prisoners.   In <u>Washington v. Harper</u>, 494 U.S. 210 (1990), a prisoner challenged the unwanted application of antipsychotic drugs by prison authorities.   In <u>Schmerber v. State of California</u>, 384 U.S. 757 (1966), an arrestee in a DUI case challenged the non-consensual taking of his blood for purposes of the criminal prosecution.   In <u>Riggins v. Nevada</u>, 504 U.S. 127 (1992), a detainee challenged the non-consensual administration of antipsychotic drugs to enable him to stand trial in a criminal prosecution. Obviously, no fair comparison can be made with a routine immunization requirement for school children and the Supreme Court's prisoner 'unwanted medical care' cases. [4]

**B.   Plaintiffs' have not alleged a violation of their equal protection rights under the Fourteenth Amendment.**

Plaintiffs' reply brief does not establish that: (1) they were treated differently than others similarly situated, and (2) this differential treatment was motivated by an intent to discriminate on the basis of impermissible considerations (such as race or religion), to punish or inhibit the exercise of constitution rights or by a malicious or bad faith intent to injure the person. <u>Harlen Assocs. v. Inc. Vill. of Mineola</u>, 273 F.3d 494, 499 (2d Cir. 2001).

Where selective treatment is not the result of an impermissible consideration, Plaintiffs can only state an equal protection claim if they can allege that there is no rational basis for the difference in treatment.  <u>Bizzaro v. Miranda</u>, 394 F.3d. 82, 86-87 (2d Cir. 2005).  Even if the Court found that the students were treated differently than those "similarly situated,"

---

[4] <u>Hewitt v. Helms</u>, 459 U.S. 460 (1983) and <u>Greenholtz v. Inmates of the Neb. Penal and Correctional Complex</u>, 442 U.S. 1 (1970) , cited at p. 12 of Plaintiffs' brief, concern due process in the context of prison discipline and parole, not medical treatment, and thus are not relevant.

protecting the public health and minimizing the spread of disease has long been recognized as a legitimate state interest.  See, e.g., Jacobson, 197 U.S. 11.  Consequently, Plaintiffs cannot show that the state law (or the local or state regulations) violates the Equal Protection Clause.

**C.   Plaintiffs' Ninth Amendment claims fail because the Ninth Amendment does not provide for substantive rights and is inapplicable to non-federal actors.**

As noted in our main brief, "[n]o independent constitutional protection is recognized which derives from the Ninth Amendment and which may support a § 1983 cause of action."  Rini v. Zwirn, 886 F. Supp. 270, 290 (E.D.N.Y 1995) (internal citation omitted) (collecting cases).  Moreover, the Ninth Amendment is only applicable against federal, and not state, actors.  Palmieri v. Town of Babylon, 2008 U.S. Dist. LEXIS 59550, at *57 (E.D.N.Y. Aug. 1, 2008).  Plaintiffs' response is not exactly clear.  They seem to agree that the claim cannot derive from another Amendment (Pet. Mem. at p. 13), but assert that it can in fact apply to a state actor (Id.), although offering no case law to support the assertions.  They then contradict their first assertion by claiming the Ninth Amendment protects "individual and bodily autonomy rights" (Id.), which would appear to improperly recast the Fourteenth Amendment substantive due process claim (which is discussed above).  In any event, Plaintiffs offer no case law authority to challenge the City Defendants' recitation of the law set forth in our main brief.  Thus, the Court should dismiss Plaintiffs' Ninth Amendment claims.

<div align="center">

**POINT III**

**THE STATE CLAIMS SHOULD BE DISMISSED IN THE ABSENCE OF ANY VIABLE FEDERAL CLAIMS AND PLAINTIFFS FILED NO OPPOSITION TO THE MOTION TO DISMISS**

</div>

Plaintiffs do not respond to the City Defendants' contention that the medical exemption claim (applicable to Plaintiff Check only, see Comp. ¶¶ 10-11, 31), the New York City Human Rights Law claim (Comp. ¶¶ 91-98), and the State Constitutional claim (Comp. ¶¶

61-71) fail to state a cause of action.   Consequently, these claims should be deemed abandoned by Plaintiffs and summarily dismissed.

## **Conclusion**

For the above reasons, the Court should dismiss the amended complaint.

Dated:        New York, New York
              February 7, 2014

<div style="margin-left: 40%;">

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants City of New York and
   NYC Department of Education
100 Church Street, Room 2-174
New York, N.Y.  10007
(212) 356-2086
corsland@law.nyc.gov

By:        _____

           Chlarens Orsland
           Assistant Corporation Counsel

</div>

To:     Patricia Finn, Esq.
        Attorney for Plaintiffs
        Patricia Finn, Attorney, P.C.
        450 Piermont Avenue
        Piermont, New York  10968
        Tel.: (845) 398-0521
        Fax: (888) 874-5703
        patriciafinnattorney@gmail.com

        Todd Spiegelman, Esq.
        Office of the State Attorney General
        Attorney for Defts. Schneiderman and Shah
        120 Broadway
        New York, N.Y. 10271
        (212) 416-8661
        todd.spiegelman@ag.ny.gov