```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLE PHILLIPS, individually and on behalf of      :
B.P. and S.P., minors,                              :
                                                    :   DECISION AND ORDER
                         Plaintiff,                 :
                                                    :   12-cv-98 (WFK) (LB)
            -against-                               :
                                                    :
CITY OF NEW YORK,                                   :
                                                    :
                         Defendant.                 :
------------------------------------------------------------------X
FABIAN MENDOZA-VACA, individually and on            :
behalf of MM and VM, minors,                        :
                                                    :
                         Plaintiff,                 :
                                                    :   12-cv-237 (WFK) (LB)
            -against-                               :
                                                    :
CITY OF NEW YORK,                                   :
                                                    :
                         Defendant.                 :
------------------------------------------------------------------X
DINA CHECK, on behalf of minor MC,                  :
                                                    :
                         Plaintiff,                 :
                                                    :   13-cv-791 (WFK) (LB)
            -against-                               :
                                                    :
NEW YORK CITY DEPARTMENT OF                         :
EDUCATION,                                          :
                                                    :
                         Defendant.                 :
------------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge**

On September 11, 2013, United States Magistrate Judge Lois Bloom issued a Report and Recommendation recommending that this Court deny Plaintiff's second motion for a preliminary injunction. Dkt. No. 37 ("the Recommendation"). On September 23, 2013, Plaintiff timely objected to the Recommendation, arguing that the Court's reliance on controlling authority was "in error" and that this Court should retain jurisdiction over Plaintiff's state law claim. Dkt. No. 38 ("Plaintiff's Objection") at 8, 10. For the reasons set forth below, Magistrate Judge Bloom's Recommendation is ADOPTED in its entirety.

The facts in this action are meticulously detailed in Magistrate Judge Bloom's Recommendation, and will not be restated here. *See* Dkt. No. 37.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also McGrigs v. Killian*, No. 08-cv-6238, 2009 WL 3762201, at *2 (S.D.N.Y. Nov. 10, 2009) (Berman, J.). Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, parties may submit "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C). Reports and recommendations on dispositive matters are reviewed *de novo*. Fed. R. Civ. P. 72(b)(3). Because a "Motion for a Preliminary Injunction is dispositive," Magistrate Judge Bloom's Recommendation advising that this Court deny Plaintiff's motion will be reviewed *de novo*. *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002) (Platt, J.) *aff'd*, 45 F. App'x 59 (2d Cir. 2002). "The district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate

judge's report and recommendation in its entirety." *Morris v. Local 804, Int'l Bhd. Of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006).

As articulated in the Recommendation, in order to obtain a preliminary injunction a plaintiff must demonstrate: "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012) (internal quotations omitted). Magistrate Judge Bloom's report carefully detailed the facts relevant to plaintiff's motion and methodically considered each of the criteria in light of the parties' arguments and analogous case law. Ultimately, she concluded that "New York state law provides the process by which plaintiff may seek relief" and therefore "this Court should decline to address plaintiff's claim for a medical exemption here." Dkt. No. 37 at 10.

Plaintiff opposes the Recommendation on the ground that "[t]he denial of the medical exemption violates Plaintiff's substantive due process rights protected by the Fourteenth Amendment, and Plaintiff's rights of privacy and bodily autonomy protected in the Ninth Amendment." Dkt. No. 38 at 7. Yet instead of explaining why the Fourteenth and Ninth Amendments control her medically-based motion for a preliminary injunction, Plaintiff focuses her efforts almost entirely on attempting to distinguish *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), and even challenging it as "old, outdated law." Dkt. No. 38 at 7–10. This approach is mistaken because Magistrate Judge Bloom did not rely on *Jacobson* at all in the Recommendation. Rather, Magistrate Judge Bloom held that "[b]ecause defendant's denial of [a New York state] statutory exemption is based entirely on state law, this Court should not reach the merits of plaintiff's claim for a medical exemption." Dkt. No. 37 at 8. Plaintiff does not

rebut this compelling conclusion by the Court. Plaintiff also does not elaborate how any federal rights are at issue in her pursuit of a state medical exemption, besides a bare allusion to Fourteenth and Ninth Amendment constitutional rights. Dkt. No. 38 at 7. Moreover, Plaintiff stated in her objections that she "acknowledges that if all federal claims are dismissed, her state-law claim seeking a medical exemption could be dismissed without prejudice." Dkt. No. 38 at 10. Because "Plaintiff's claim that vaccinations are medically contraindicated ... is a pure state law claim," and "[b]ecause New York state law provides the process by which plaintiff may seek relief," Magistrate Judge Bloom was correct to decline to address Plaintiff's claim for a medical exemption. Dkt. No. 37 at 8, 10.

For the foregoing reasons, Plaintiff's Objection is overruled and this Court hereby ADOPTS Magistrate Judge Bloom's Report and Recommendation of September 11, 2013 in its entirety. Therefore, Plaintiff's Motion for a preliminary injunction is DENIED.

**SO ORDERED**

Dated: Brooklyn, New York
      March 12, 2014

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge