UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLE PHILLIPS, individually and on behalf of  :
B.P. and S.P., minors,                          :
                                                :           DECISION AND ORDER
            Plaintiff,                          :
                                                :           12-cv-98 (WFK) (LB)
    -against-                                   :
                                                :
CITY OF NEW YORK; ERIC T. SCHNEIDERMAN, in      :
His Official Capacity as Attorney General, State of New :
York; NIRAV R. SHAH, in His Official Capacity as :
Commissioner, New York State Department of Health, :
                                                :
            Defendants.                         :
------------------------------------------------------------------X
FABIAN MENDOZA-VACA, individually and on       :
behalf of M.M. and V.M., minors,               :
                                                :
            Plaintiff,                          :
                                                :           12-cv-237 (WFK) (LB)
    -against-                                   :
                                                :
CITY OF NEW YORK; ERIC T. SCHNEIDERMAN, in      :
His Official Capacity as Attorney General, State of New :
York; NIRAV R. SHAH, in His Official Capacity as :
Commissioner, New York State Department of Health, :
                                                :
            Defendants.                         :
------------------------------------------------------------------X
DINA CHECK, on behalf of minor M.C.,           :
                                                :
            Plaintiff,                          :
                                                :           13-cv-791 (WFK) (LB)
    -against-                                   :
                                                :
NEW YORK CITY DEPARTMENT OF                    :
EDUCATION; ERIC T. SCHNEIDERMAN, in            :
His Official Capacity as Attorney General, State of New :

1

York; NIRAV R. SHAH, in His Official Capacity as :
Commissioner, New York State Department of Health, :
:
Defendants. :
-----------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

Plaintiffs Nicole Phillips, Fabian Mendoza-Vaca, and Dina Check (collectively "Plaintiffs"), on behalf of their minor children, filed an Amended Complaint on November 1, 2013, challenging New York's vaccination practice on both federal and state law grounds. On December 18, 2013, this Court consolidated the three actions provided in the caption above for all purposes. Defendants City of New York and New York City Department of Education filed a motion for summary judgment or, in the alternative, a motion to dismiss on February 10, 2014. On the same day, Defendants Eric T. Schneiderman and Nirav R. Shah (collectively "Defendants") filed a motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court GRANTS the both motions and dismisses the Plaintiffs' Amended Complaint in its entirety.

### I. BACKGROUND

Plaintiffs bring a total of seven claims against the Defendants. *See* Dkt. 28. Four claims are grounded in federal law, whereas the remaining are based on New York law. *Id.* All Plaintiffs allege that they possess sincere religious beliefs contrary to vaccination practice. *Id.* ¶¶ 20, 45, 48. The children of all Plaintiffs were granted religious exemptions from mandatory vaccinations, though the exemption for Plaintiff Check's child was later revoked. *Id.* ¶¶ 22-23, 47. Despite being granted exemptions, Plaintiffs Phillips and Mendoza-Vaca complain of their children being excluded from school each time any schoolmate reports a case of a "vaccine preventable disease." *Id.* ¶¶ 34-36, 38, 46.

Suffering varying degrees of exclusion from school, Plaintiffs bring claims arising under the First, Ninth, and Fourteenth Amendments to the United States Constitution, as well as under Article I, Section 3 of the New York State Constitution. *See* Dkt. 25. In addition, Plaintiffs bring state claims under New York Public Health Law Section 2164(9), and New York City Human Rights law, Chapter 1, Section 8-107(4). Finally, Plaintiffs Phillips and Mendoza-Vaca

bring a cause of action under New York City Chancellor's Regulation A-701(III)(A)(4)(c) and 10 NYCRR Section 66-1.10.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss[1] pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

Plaintiffs invoke subject matter jurisdiction in this Court under 28 U.S.C. § 1331, based on the claims they brings under the First, Ninth and Fourteenth Amendments to the United States Constitution. In their First Amendment cause of action, Plaintiffs claim their rights to free exercise of religion were violated when their children were excluded from school due to their religious beliefs running counter to vaccination practice. Plaintiffs argue that their children were

---

[1] The Court treats Defendants City of New York and New York City Department of Education motion as a motion to dismiss rather than as a motion for summary judgment.

3

"arbitrarily, capriciously, unreasonably and unconstitutionally denied" the right to free exercise of religion based on the state vaccination practice, in general, and, in particular, because the religious exemption standards "force[] parents to detail their religious beliefs and submit to a 'test,' and the determinations of whether or not to grant the religious exemptions falls[*sic*] to the subjective judgment of one school official who is unqualified to make such a determination." Dkt. 28 ¶¶ 66, 69.

The First Amendment to the United States Constitution provides that "Congress shall make no law ... prohibiting the free exercise [of religion]." U.S. Const. amend. I. This prohibition has been construed to apply to the States through the Fourteenth Amendment by way of the doctrine of incorporation. *See Cantwell v. Conn.*, 310 U.S. 296, 303 (1940). All Defendants have moved to dismiss the First Amendment claims. *See* Dkts. 32, 33.

Plaintiffs argue that the vaccination program at issue denies their children the constitutional right to free exercise of religion, but not only has the Supreme Court strongly suggested that religious objectors are not constitutionally exempt from vaccinations, *Jacobson v. Commonw. of Mass.*, 197 U.S. 11, 35-39 (1905), courts in this Eastern District have resolutely found there is no such constitutional exemption. In *Caviezel v. Great Neck Public Schools*, under nearly identical facts and citing *Jacobson*, the court held that "the free exercise clause of the First Amendment does not provide a right for religious objectors to be exempt from New York's compulsory inoculation law." 739 F. Supp. 2d 273, 285 (E.D.N.Y. 2010) (Spatt, J.) *aff'd*, 500 F. App'x 16 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1997 (U.S. 2013). Similarly, in *Sherr v. Northport–East Northport Union Free School District*, the court explicitly held that no constitutional right to religious exemptions exists and found that the statutory exemption New York provides "goes beyond what the Supreme Court has declared the First Amendment to

require." 672 F. Supp. 81, 88 (E.D.N.Y. 1987) (Wexler, J). Although Plaintiffs opine that *Jacobson* is bad law and ask this Court to overturn the Supreme Court decision, "this the Court cannot do." *Caviezel*, 739 F. Supp. 2d at 285. Accordingly, Plaintiffs' First Amendment claim is dismissed.

As to the Plaintiffs' substantive due process causes of action, the Second Circuit has found that *Jacobson* flatly defeats any such claims. *Caviezel v. Great Neck Pub. Sch.*, 500 F. App'x 16, 19 (2d Cir. 2012) *cert. denied*, 133 S. Ct. 1997 (U.S. 2013). Indeed, the Second Circuit cited *McCartney v. Austin* for the proposition that New York's vaccine program is well within the State's police power and thus its constitutionality is too well established to require discussion. *Id.* at 19 (citing 31 A.D.2d 370, 371 (3d Dep't 1969)). In light of the Second Circuit's holding, Plaintiffs' challenge to New York's vaccination practice on substantive due process grounds fails and is dismissed.

Plaintiffs also claim that Defendants are violating their rights accruing under the Fourteenth Amendment's Equal Protection Clause. However, Plaintiffs have not asserted any facts tending to show that Defendants favored any religion over another, or that Plaintiffs are part of any protected class. In short, Plaintiffs fail to allege the facts necessary to state a claim upon which relief can be granted under the Equal Protection Clause, and thus their claims alleged thereunder are dismissed. *See Caviezel*, 739 F. Supp. 2d at 282 (dismissing equal protection claims).

Lastly, with regard to Plaintiffs remaining federal claims alleged generally under the Ninth and Fourteenth Amendments, Plaintiffs fail to state a claim upon which relief could be granted. Therefore, this Court dismisses them in their entirety. With all federal claims dismissed, this Court declines to exercise pendant jurisdiction over Plaintiffs' remaining state claims and therefore dismisses them as well. 28 U.S.C. § 1367(c); *see also United Mine Workers of Am. v.*

5

*Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

For the foregoing reasons, Defendants' motions to dismiss are GRANTED and Plaintiffs' claims are dismissed in their entirety. The Clerk of the Court is directed to close these cases.

**SO ORDERED**

Dated: Brooklyn, New York
      June 4, 2014

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge